**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**OXFORD DIVISION**

**MICHAEL R. ALLEN**                                                                    **PLAINTIFF**

**v.**                                                                    **No. 3:26-cv-00092-MPM-RP**

**ALLSTATE PROPERTY AND**                                                  **DEFENDANT**
**CASUALTY INSURANCE COMPANY**

**<u>MEMORANDUM OPINION</u>**

This case comes before the Court on Defendant Allstate Property and Casualty Insurance Company's ("Allstate") Motion for Judgment on the Pleadings or to Dismiss for Failure to State a Claim regarding the bad faith and extra-contractual liability claims [4]. Plaintiff Michael R. Allen ("Mr. Allen") responded [9] and Allstate replied [12]. The Court has reviewed the motion and accompanying memoranda, the applicable law, and is prepared to rule.

**I.       FACTUAL BACKGROUND**

Mr. Allen was driving on Interstate 55 in Southaven, DeSoto County, Mississippi when his vehicle was struck from behind by a vehicle operated by Adam Cook. Mr. Cook was not insured at the time of the accident, so Mr. Allen made a claim for uninsured motorist benefits pursuant to his Allstate Policy.

Due to this, Mr. Allen has amassed over $14,000 in medical bills and over $101,000 in bodily injury related damages. He filed this Complaint [1] after the parties' settlement negotiations were unsuccessful and now alleges three causes of action: (1) breach of uninsured motor vehicle coverage contract; (2) bad faith breach of contract; and (3) breach of contract with no arguable basis. He seeks breach of contract damages, extra-contractual consequential damages, and punitive damages. *Id.*

Mr. Allen had multiple Allstate insurance policies including Uninsured Motorist Bodily Injury ("UM-BI") Coverage with a limit of $75,000 per person or $150,000 per accident. [1]. This policy also included Medical Payments ("Med Pay") Coverage with a $1,000 limit. Allstate's contractually required investigation resulted in a determination that it owed the full $1,000 limit of the Med Pay coverage, which it paid, and also found that it owed some amount of UM coverage benefits to Mr. Allen. Thereafter, Allstate offered to pay Mr. Allen $17,000 in UM benefits, conditioned upon him executing a full release of all claims—a condition not in the text of the parties' policy contract.

Allstate asserts that Mr. Allen has failed to state a claim on which relief can be granted and that bad faith and extra-contractual claims fail as a matter of law by contending that this dispute amounts to nothing more than a "pocketbook dispute" over the value of the claim. *See* [5].

## II.     STANDARD OF REVIEW

Rule 12(c) of the Federal Rules of Civil Procedure provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. Pro. 12(c). In a motion for a judgment on the pleadings "[t]he central issue is whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief." *Hughes v. Tobacco Inst., Inc.*, 278 F.3d 417, 420 (5th Cir. 2001) (internal citations omitted). Such a motion "is appropriate only if there are no disputed issues of fact and only questions of law remain." *Id.* (citing *Voest-Alpine Trading USA Corp. v. Bank of China*, 142 F.3d 887, 891 (5th Cir. 1998)). In ruling on a motion for judgment on the pleadings, "the district court is confined to the pleadings and must accept all allegations contained therein as true." *Hughes*, 278 F.3d at 420 (citing *St. Paul Ins. Co. v. AFLA Worldwide Ins. Co.*, 937 F.2d 274, 279 (5th Cir. 1991)). In considering Rule

2

12(c) motions the court relies on the same standard as that of a Rule 12(b)(6) motion. *See Guerra v. Castillo*, 82 F.4th 278, 284-85 (5th Cir. 2023).

To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 697, 129 S.Ct. 1937, 173 L.Ed.2d. 868 (2009) (citations and internal quotation marks omitted). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. The Fifth Circuit has made clear that a complaint "must provide the plaintiff's grounds for entitlement to relief—including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). At the motion to dismiss stage, the question is whether, "the complaint states any legally cognizable claim for relief." *Wilson v. Birnberg*, 667 F.3d 591, 595 (5th Cir. 2012). A district court "may dismiss a claim when it is clear that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief" because the "issue is not whether the plaintiff will ultimately prevail, but whether he is entitled to offer evidence to support his claim." *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999) (per curiam).

## III.   ANALYSIS

### A.  Disputed Issues of Fact Preclude Judgment on the Pleadings

A motion filed pursuant to Rule 12(c) is appropriate for a case in which the material facts are not disputed, so a judgment on the merits can be rendered based upon the substance of the pleadings. *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002). Such a motion is "appropriate only if there are no disputed issues of fact and only questions of law remain." *Hughes*, 278 F.3d at 420.

Here, the parties have materially different accounts of the circumstances, investigations, and negotiations that led to this litigation. Both parties dispute the conclusions of Allstate's pre-suit investigation, including Allstate's determination of the minimum amount owed under the UM coverage, as well as the conditions attached to Allstate's $17,000 offer. Mr. Allen alleges that Allstate's own investigation necessarily produced a minimum liability figure that Allstate was contractually obligated to tender without requiring a claims release condition; Allstate characterizes the dispute as a "pocketbook disagreement" over total claim value, while its own valuation remains undisclosed. These competing characterizations present factual questions that cannot be resolved on the pleadings alone. Thus, judgment on the pleadings is inappropriate, and the Court cannot grant Allstate's Rule 12(c) motion.

### B. Mr. Allen's Claims are Sufficiently Pled to Survive Dismissal

The same standard governs 12(b)(6) and 12(c) motions. *Guerra*, 82 F.4th at 284-85. Thus, the question is whether Mr. Allen has pled facts sufficient to survive dismissal.

### 1. Breach of Uninsured Motorist Coverage Contract

Allstate's motion [4] and memorandum [5] did not move to dismiss Mr. Allen's first claim for breach of the uninsured motorist coverage contract. Therefore, the Court declines to address it and allows that claim to proceed to discovery.

### 2. Bad Faith Breach of Contract

Mississippi law recognizes a claim for bad faith refusal to pay insurance benefits, and a corresponding entitlement to punitive damages, if a plaintiff can prove that the insurer had no arguable or legitimate reason to deny coverage, that the insurer committed a willful or malicious wrong, or acted with gross and reckless disregard for the insured's rights. *Liberty Mutual Ins. Co. v. McKneely,* 862 So.2d 530, 533 (Miss. 2003). If the insurer had an arguable reason to deny

coverage, punitive damages are impermissible. *Pioneer Life Ins. Co. of Ill. v. Moss,* 513 So.2d 927, 929-30 (Miss. 1987). The Mississippi Supreme Court has defined an "arguable reason" as "nothing more than an expression indicating the act or acts of the alleged tortfeasor do not rise to the heightened level of an independent tort." *Caldwell v. Alfa Ins. Co.,* 686 So.2d 1092, 1096 (Miss. 1996).

To establish punitive damages for a bad faith claim, Mr. Allen must show: (1) Allstate had a contractual obligation to him; (2) Allstate lacked an arguable or legitimate basis for failing to pay his UM claim; and (3) Allstate's failure to pay resulted from an intentional wrong, insult, or abuse, or from such gross negligence as constitutes an intentional tort. *James v. State Farm Mut. Auto. Ins. Co.*, 743 F.3d 65, 70 (5th Cir. 2014) (internal citations omitted).

Allstate primarily argues that its conduct amounts to nothing more than a legitimate "pocketbook dispute" over the value of Mr. Allen's claim—a disagreement that, under Mississippi law, does not arise to the level of bad faith. *See Cossitt v. Alfa Ins. Corp.*, 726 So.2d 132, 139 (Miss. 1998); *see also Knight v. Allstate Prop. & Cas. Ins. Co.*, 2019 WL 3997693 (N.D. Miss. Aug. 23, 2019). Mr. Allen, however, has framed his claim differently. He does not merely contend that Allstate undervalued his claim. Rather, Mr. Allen alleges that Allstate's own investigation produced a minimum liability figure which Allstate then refused to pay without extracting a condition—a full release of claims—that appears nowhere in the Allstate policy contract. [6] Ex. 1 ("[W]e will pay damages which an insured person is legally entitled to recover…from the owner or operator of an uninsured auto[.]").

The distinction matters at the pleading stage. If Allstate's own investigation revealed that at least some amount of UM benefits was owed, and Allstate conditioned payment of that minimum amount on a claims release not required by the policy, then whether Allstate had an arguable basis

5

for doing so—and whether its conduct constitutes an independent tort—is not purely a question of law resolvable on the present record. *See Universal Life Ins. Co. v. Veasley*, 610 So.2d 290, 293 (Miss. 1992). Because no discovery has taken place, this Court cannot conclusively say that Allstate's actions present only a routine pocketbook dispute, or that Mr. Allen can prove no set of facts entitling him to punitive damages under the applicable standard. Punitive damages under Mississippi law require proof "by clear and convincing evidence that the defendant 'acted with actual malice, gross negligence which evidences a willful, wanton or reckless disregard for the safety of others, or committed actual fraud." *United Servs. Auto. Ass'n. v. Est. of Minor*, 418 So.3d 1173, 1182 (Miss. 2024) (internal citations omitted); Miss. Code Ann. § 11–1–65. Whether the facts, as they develop in discovery, satisfy that standard is a question for another day. At this stage, the Court finds that the bad faith claim is sufficiently pled to survive dismissal.

### 3. Breach of Contract With No Arguable Basis

Mississippi law also recognizes a claim for extra-contractual and/or consequential damages where an insurer breaches its policy without an arguable basis, even absent the malice or reckless disregard required for punitive damages. *See Veasley*, 610 So.2d at 295. Mr. Allen's third claim rests on the same factual predicate as his second: Allstate imposed a release condition on payment of UM benefits that its policy does not contain, and that this breach of the payment provision lacked any logical basis in the contract's plain language.

Because no discovery has taken place and the facts surrounding Allstate's decision to condition payment on a release of claims have not been fully developed, the Court cannot conclude that Mr. Allen can prove no set of facts entitling him to extra-contractual damages. Thus, the claim states a plausible cause of action and survives dismissal under Rule 12(b)(6).

**IV.**     **CONCLUSION**

The parties' competing accounts of Allstate's pre-suit investigation and the conditions attached to its payment offer present disputed issues of fact. Rule 12(c) judgment on the pleadings is inappropriate. The causes of action in Mr. Allen's Complaint [1] include plausible claims for relief under Rule 12(b)(6). This Court expresses no opinion on the merits, ultimate liability, or whether punitive damages will be warranted. This case shall proceed to discovery to develop facts pertinent to the issues raised.

ACCORDINGLY, Defendant Allstate Property and Casualty Insurance Company's Motion for Judgment on the Pleadings or to Dismiss for Failure to State a Claim [4] is DENIED.

SO ORDERED, this the 1st day of July, 2026.

/s/ Michael P. Mills
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF MISSISSIPPI